UIHLEIN *v.* The Cincinnati Car Co. et al.

(Decided July 11, 1929.)

*Messrs. Alcorn & Alcorn*, for plaintiff in error.
*Messrs. Dinsmore, Shohl & Sawyer*, for defendants in error.

CUSHING, P. J.   This case comes into this court on error from the court of common pleas of Hamilton county, Ohio, wherein a judgment was rendered in favor of the defendants upon their demurrer to the petition.

The petition of plaintiff, H. Calmer Uihlein, alleges:

That "the Ohio Traction Company is *and was at all times* hereinafter mentioned a corporation organized under the laws of Ohio; that the plaintiff is the owner of 40 shares of the preferred stock of

the Ohio Traction Company, evidenced by a certificate which includes provisions that upon dissolution of the corporation, for any reason, the holders of the preferred stock shall be entitled to be paid the par value thereof, and that no amount shall be paid to the holders of the common stock until after the payment to the holders of the preferred stock of its par value and the accrued dividends thereon; that the Traction Company sought plaintiff's consent to divide its assets between the preferred and common stockholders; that plaintiff demanded the par value of his stock, plus accrued dividends, a total of $151.25 per share; that the Ohio Traction Company stated the assets showed said stock to be $112.00 per share, which plaintiff then demanded; that the Traction Company refused to pay $112.00 per share and offered $70.00 per share, and advised plaintiff that it would sell its assets so that he would only realize $70.00 per share, and that the balance of said assets would be distributed to the common stockholders; that the defendants, the Cincinnati Car Company and the Cincinnati Traction Company, and members of the two committees appointed by the President of the Ohio Traction Company, entered into a conspiracy to distribute a portion of the assets of the Ohio Traction Company to the common stockholders, without first paying preferred stockholders par value and accrued dividends; that a resolution was passed, providing that the assets of the company should be divided between the preferred stockholders and the common stockholders, and authorizing the President of the Ohio Traction Company to appoint said two committees; that the committees were appointed, representing

preferred stockholders and common stockholders, but that the members of said committees held both kinds of stock; that the committee for the preferred stockholders advised plaintiff that the assets of the Company would yield $112.00 a share; that the plaintiff objected to the appointment of the committees, and protested against the Company selling its assets; that the said committees advised plaintiff that it was the intention of the Company and said Committees to give the common stockholders between 1/9 and 1/10 of the total assets of the Company, although the assets of the Company approximated $112.00 a share for the preferred stock, and that there was due on said shares, including dividends, the sum of $152.50 per share; that 'said committees and said Company, over plaintiff's objection and protest, then proceeded to enter into a pretended contract, whereby said committees pretended to contract with The Ohio Traction Company for a purchase and sale of the entire assets of said Company, with the distinct understanding that the preferred stockholders should only receive $70.00 per share, and the balance of the assets of said Company should be distributed to the common stockholders of said Company;'

"That the Ohio Traction Company owned 87,780 shares of the stock of the Cincinnati Street Railway Company, valued on the open market at $2,896,-740.00, and that said Company (at the time of the filing of the petition) still owns said stock, and that the current market price said stock is worth is $3,586,760.00."

It is further alleged in the petition that the defendant company and said committees attempted

to sell the assets of said Ohio Traction Company, and to turn said assets over to the Cincinnati Car Company, owned entirely by the Ohio Traction Company, and that said company and said committees now pretend that said plaintiff is only entitled to $70 per share, under a pretended agreement between themselves.

Plaintiff alleged that the pretended sale and purchase was wrongful and illegal, and was undertaken solely for the purpose of distributing the assets of the Ohio Traction Company so that the common stockholders would receive one-tenth thereof.

Plaintiff alleged that the assets of the company entitled plaintiff to the sum of $187 a share, as his proportionate share of the total assets of the Ohio Traction Company; that, by reason of the wrongful acts of said company and said defendants, plaintiff has been damaged in the sum of $7,120.

Plaintiff further alleged that the Cincinnati Car Company, owned entirely by the Ohio Traction Company, claimed to have a fund of $61,890, with which to pay plaintiff and other stockholders of the Ohio Traction Company who refuse to go into said pretended sale and purchase. Plaintiff requests that the said sum be attached.

The defendants, the Cincinnati Car Company and the Cincinnati Traction Company and the members of the committees, demurred to the petition, alleging:

(1) That the plaintiff has no legal capacity to bring this suit.

(2) That there is a misjoinder of parties defendant.

(3) That several causes of action are improperly joined.

(4) That separate causes of action against several defendants are improperly joined.

(5) That the petition does not state facts sufficient to constitute a cause of action.

The court overruled the demurrer on the first and fifth grounds as far as the Ohio Traction Company was concerned, and, as to the other defendants, sustained the demurrer on all five grounds. In this judgment, we concur, and, if a cross-petition in error had been filed, we would have held that the demurrer should have been sustained as to the Ohio Traction Company, for the reasons hereinafter stated.

A careful reading of the petition shows that it wholly fails to comply with the provisions of Section 11305, General Code, requiring that the petition must contain a statement of facts, constituting a cause of action, in ordinary and concise language. Only by the intervention of conjecture is it possible to determine what cause of action is attempted to be stated in this petition. It would even seem that the plaintiff has attempted to state two separate causes of action; one in contract against the Ohio Traction Company, for a violation of some contractual obligation included within the provision of the certificate, and another in tort against the other defendants, for conspiracy to induce the breach of such contract existing between the plaintiff and the Ohio Traction Company. If such is the purport of the petition, it is faulty, in that there is a misjoinder of parties defendant and a misjoinder of causes of action. There is no privity of contract between plaintiff and the defendants other than the

Ohio Traction Company. These defendants other than the Ohio Traction Company were not only not necessary parties to an action between the plaintiff and the Ohio Traction Company, if such action could be maintained, but they were improper parties to such action, and, when an action in contract is attempted to be joined with an action in tort because the causes of action grow out of the same transaction, it must appear that the defendants to the said separate causes of action are not wholly alien to each other, as appears to be the situation in the instant case.

The petition, viewed from another standpoint, also states no cause of action against the defendants, other than the Ohio Traction Company, in that there is no allegation in the petition that the conspiracy alleged to exist was one to induce the Ohio Traction Company to breach its contract with the plaintiff; merely aiding or abetting the breach is not sufficient. 13 Corpus Juris, 713: "Further, persons not bound by a contract are not liable for damages on its breach, although they have aided or abetted the party in its violation."

But the plaintiff in error, in his brief, states his theory of the case in very concise language. It is his contention, first, that his contract provides that, "upon dissolution of the corporation for any reason, the holders of preferred stock shall be entitled to be paid the par value thereof and the unpaid dividends accrued thereon, and no amount shall be paid to the holders of the common stock until after the payment to the holders of preferred stock of its par value and the accrued dividends thereon."

It is claimed that this is a plain agreement, and

that no distribution can be made to the common stockholders until he is paid par and accrued dividends, and he states the issue to be: "Does a certificate of preferred stock in a corporation mean anything or is it a scrap of paper?"

It is impossible to tell from the allegations of the petition whether the assets of the Ohio Traction Company have been sold or not. In one place, the plaintiff alleges that the traction company has assets running into the millions. In another place he alleges the pretended sale. In still another place he alleges that the purchaser is retaining a fund, which the plaintiff asked to be attached to the satisfaction of his judgment.

If the assets of the corporation have been sold, there should be allegations in the petition indicating that the plaintiff has complied with the provisions of the General Code as to the course of action to be pursued by dissatisfied stockholders, where the assets of the corporation have been sold.

If the assets of the Ohio Traction Company have not been sold, plaintiff in this action is not seeking an injunction against the sale, but is asking for damages, because the company has not paid him, or is not going to pay him, what he thinks his stock is worth. Under this view he still has his stock, and the company still has its assets.

There is no allegation anywhere in the petition that the Ohio Traction Company has been or is about to be dissolved.

Plaintiff is therefore in a position of asking that he be paid the value of his preferred stock, while there is no basis for said claim, either by reason of

dissolution or the sale of the assets of the corporation.

The judgment of the court of common pleas of Hamilton county, Ohio, is therefore affirmed.

*Judgment affirmed.*

Ross and HAMILTON, JJ., concur.